On cross-examination Officer Carter was asked, and answered:

"Q. Now as a matter of truth and fact, he told you why he was driving? A. Told me why he was driving?

"Q. Yes, sir? A. Would you mind making it a little more clear?

"Q. He gave you his excuse, didn't he? A. Yes, sir, he gave me an excuse why he was driving."

On redirect examination the witness testified, without objection:

"Q. In response to the defense attorney's questioning you stated that the defendant did give you an excuse for the reason he was driving and what was that excuse? A. That his lawyer told him he could drive back and forth to work.

"Q. During the same conversation where this excuse came out state whether or not he told you in your questioning that his license was suspended for driving while intoxicated? A. Eventually he did, yes, sir."

We see no error in the admission of this evidence.

The judgment is affirmed.

Herman LA BOVE, Appellant,

v.

STATE of Texas, Appellee.

No. 33258.

Court of Criminal Appeals of Texas.

April 5, 1961.

Clayton Edward GOURLEY et al.,
Appellants,

v.

STATE of Texas, Appellee.

No. 33031.

Court of Criminal Appeals of Texas.

March 15, 1961.

Orville A. Harlan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Edward N. Shaw, Jr., Asst. Dist. Attys., ·Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the sale of whiskey from licensed premises during prohibited hours; the punishment, 30 days in jail and a fine of $250.

The information alleged, and the court in its charge to the jury, made the appellant's guilt depend upon proof that the appellant was the holder of a package store permit which authorized the sale of whiskey on certain described premises between specified hours.

There is no competent evidence that the appellant was the holder of a package store permit authorizing the sale of whiskey on certain described premises. Therefore, the evidence is insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

WOODLEY, P. J., absent.

P. P. Ballowe, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., James M. Williamson, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal by E. Colley Sullivan and M. E. Fields as sureties upon the bail bond of Clayton E. Gourley from a final judgment of the. County Criminal Court No. 2 of Dallas County upon a forfeiture of said bond.

Judgment nisi was entered August 19, 1960. Such a judgment on a bail bond is interlocutory and conditional. It provided that said judgment would be made final